UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALAIN AND TRINA DEFOURNEAUX                CIVIL ACTION

VERSUS                                     NO. 06-3809

METROPOLITAN PROPERTY AND CASUALTY         SECTION F
INSURANCE COMPANY ET AL.

ORDER AND REASONS

Before the Court is Metropolitan Property and Casualty Insurance Company's Motion to Sever. For the reasons that follow, the defendant's motion is GRANTED.

Background

Alain and Trina Defourneaux's home suffered extensive wind and water damage during Hurricane Katrina. As a result, the Defourneauxs sued their homeowners' insurance company, Metropolitan Property and Casualty Insurance Company ("MET"), and Jefferson Parish, alleging that MET arbitrarily denied plaintiffs' insurance claims[1] and the Parish failed to properly maintain the pumping and drainage system.

The plaintiffs originally filed suit in the 24th Judicial District Court for Jefferson Parish, and MET subsequently removed the suit to this Court. In the Notice of Removal, MET removed

---

[1] Specifically, the plaintiffs claim $658,734.92 in damages caused by wind and rain. The plaintiffs received $105,557.85 in compensation from MET and are seeking the remainder of their claim, as well as damages.

1

pursuant to 28 U.S.C. § 1332, alleging that plaintiff's claims against it satisfied the requirements of diversity jurisdiction, and are fraudulently joined with the claims against Jefferson Parish.  Because of the misjoinder of parties, MET now seeks severance of the claims against MET and Jefferson Parish.

## Law and Application

A. The Standard to Sever Claims

The Federal Rules permit "any claims against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21.[2]  It is within the Court's discretion to determine if severance is necessary, and an important consideration is whether parties have been improperly or fraudulently joined in an attempt to defeat diversity jurisdiction.  In re Benjamin Moore and Co., 309 F.3d 296, 298 (5th Cir. 2002) (court should consider whether misjoinder of a non-diverse party should be allowed to defeat diversity jurisdiction).

Joinder of parties is proper if: "(1)[a plaintiff has asserted against the defendants] any right to relief jointly, severally, or in the alternative, any right to relief in respect of or arising

---

[2] Courts are divided on whether federal or state rules of joinder should be applied to determine if a claim should be severed. See Jones v. Nastech Pharmaceutical, 319 F. Supp. 2d 720, 725-26 (S.D. Miss. 2004).  However, because the standards for joinder presented in Rule 20 of the Federal Rules of Civil Procedure and Article 463 of the Louisiana Code of Civil Procedure are very similar, there is not a material difference in the Court's application of these rules.

out of the same transaction, occurrence, or series of transactions or occurrences and (2) if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Further, to prevent delay or prejudice, the Court may order separate trials. Fed. R. Civ. P. 20(b).

B. <u>Severing the Claims Against MET and Jefferson Parish</u>

The Court finds that the claims against MET and Jefferson Parish have been improperly joined, and as such, should be severed.

Joinder of the plaintiffs' claims against MET and Jefferson Parish offends Rule 20. In <u>Berthelot et al. v. Boh Brothers Construction Company LLC et al.</u>, pending in another Section of this Court, the plaintiffs, homeowners affected by Hurricane Katrina, sued several insurance companies for breach of contract, alleging the insurers arbitrarily refused to honor the homeowners' insurance policies. Civ. Act. 05-4182, Rec. Doc. 469. The plaintiffs also sued the Orleans Levee District (OLD), the sole non-diverse defendant, alleging OLD was negligent in maintaining the Orleans Parish levees and such negligence caused damage to the plaintiffs' property. The insurer defendants moved to sever, contending the plaintiffs' claims against the insurers were fraudulently joined with the claims against OLD. Judge Duval granted the motion to sever, finding that the allegedly tortious conduct of OLD presented entirely separate and distinct factual and legal issues from the alleged breaches of contract by the insurer defendants. <u>Id.</u>

In this case, both the plaintiffs and MET agree that the claims against the two defendants present different issues of law because the claims against MET are grounded in contract law, and the claims against Jefferson Parish are based on negligence and tort theories.  These claims present neither overlapping questions of fact nor related issues of law.  The plaintiffs' claim against Jefferson Parish will require discovery as to the operation of the pumping and drainage system, while the plaintiffs' claim against MET will require an investigation into the processing and handling of the plaintiffs' insurance claim.  The only common factual thread between the claims is Hurricane Katrina, an uncontested fact of which the Court will take judicial notice.  See Smith v. Nationwide Mut. Ins. Co. et al., 286 F. Supp. 2d 777, 781 (S.D. Miss. 2003) (plaintiff's claims against insurer defendant for breach of contract and tortfeasor defendant for negligence should be severed).

The plaintiffs' claims against the defendants did not arise from the same transaction or occurrence, and do not present common issues of law or fact, and as such, have been improperly joined. MET's Motion to Sever is GRANTED.

New Orleans, Louisiana, August 30, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4