UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALAIN AND TRINA DEFOURNEAUX                CIVIL ACTION


v.                                         NO. 06-3809


METROPOLITAN PROPERTY AND                  SECTION "F"
CASUALTY INSURANCE COMPANY
AND THE PARISH OF JEFFERSON


ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand.
For the reasons that follow, the motion is DENIED.


Background

Alain and Trina Defourneaux's home suffered extensive
wind and water damage during Hurricane Katrina.  As a result, the
Defourneauxs sued their homeowner's insurance company, Metropolitan
Property and Casualty Insurance Company (MET) and Jefferson Parish,
alleging that MET arbitrarily denied plaintiffs' insurance claims
and the Parish failed to maintain the pumping and drainage system
properly.

The plaintiffs originally filed suit in the 24th Judicial
District Court for Jefferson Parish and on July 19, 2006, MET
subsequently removed the suit to this Court.  MET also moved to
sever the claims against Jefferson Parish on the basis of

fraudulent joinder.   On August 2, the plaintiffs moved to remand the case to state court.   On August 30, 2006, this Court granted MET's motion to sever.   Recognizing a split on whether federal or state rules of joinder should be applied to determine if a claim should be severed, this Court found no substantive difference between Rule 20 of the Federal Rules of Civil Procedure and Article 463 of the Louisiana Code of Civil Procedure.   Applying Rule 20, the Court found that the plaintiffs' claims against the defendants did not arise from the same transaction or occurrence and did not present common issues of law or fact.

The plaintiffs' motion to remand is pending before the Court.   Both parties were given additional time to file supplemental pleadings to address this subject of remand in light of the recently granted motion to sever.    The plaintiffs now contend that this Court should apply Article 463 of the Louisiana Code of Civil Procedure and remand the case to state court.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in

favor of remand.  <u>York v. Horizon Fed. Sav. and Loan Ass'n</u>, 712 F.

Supp. 85, 87 (E.D. La. 1989); <u>see</u> <u>also</u> <u>Shamrock Oil & Gas Corp. v.</u>

<u>Sheets</u>, 313 U.S. 100 (1941).


II.

The defendants removed this case, invoking the diversity

jurisdiction this Court under 28 U.S.C. § 1332.  To exercise

diversity jurisdiction, complete diversity must exist between the

plaintiffs and all of the properly joined defendants, and the

amount in controversy must exceed $75,000.  <u>See</u> 28 U.S.C. § 1332.

On August 30, 2006, applying Rule 20 of the Federal Rules of Civil

Procedure, this Court found that the claims against MET for breach

of contract and the tort and negligence claims against the in-state

defendant Jefferson Parish did not arise from the same transaction

or occurrence nor presented common issues of law or fact.  This

Court severed the claims of the in-state defendant from this case,

finding the in-state defendant had been improperly joined.


III.

Because the parties are now completely diverse[1] and the

---

[1]    The plaintiffs wish the Court to consider and apply
Article 463 of the Louisiana Code of Civil Procedure and,
alternatively, the precedent in <u>Green</u> to find proper joinder of the
in-state plaintiff.  The issue of joinder, however, has already
been resolved and a reconsideration of the motion to sever the
claims against the in-state defendant is not before the Court.

amount-in-controversy requirement is met,[2] removal to this Court is proper.

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, September 19, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]     The plaintiffs claim $658,734.92 in damages caused by wind and rain.  The plaintiffs received $105,557.85 in compensation from MET under their homeowner's insurance policy and are seeking the remainder of their claim as well as damages.